**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IGNACIO GOMEZ-BELTRAN,** | § | |
| **Petitioner,** | § | |
| | § | **3:16-CV-1867-B** |
| **v.** | § | **3:12-CR-0011-B** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I.  Procedural Background**

Petitioner filed this petition to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. Pursuant to a plea agreement, Petitioner pled guilty to conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). On November 1, 2012, the Court sentenced him to 135 months in prison. Petitioner filed a *pro se* motion for out-of-time appeal, which the district court denied on July 19, 2013.

On November 26, 2013, Petitioner filed his first petition to vacate, set-aside or correct sentence pursuant to 28 U.S.C. § 2255. *Gomez-Beltran v. United States*, No. 3:13-CV-4686-B (N.D. Tex.). He argued he received ineffective assistance of counsel when he instructed his counsel to file an appeal, but counsel failed to file an appeal and failed to communicate with him. On February 4, 2014, the government filed its answer. On July 22, 2014, the under-signed

Page 1

Magistrate Judge held an evidentiary hearing, and on July 24, 2014, entered Findings,

Conclusions, and a Recommendation that the petition be dismissed as time-barred.  On

November 13, 2014, Petitioner filed a motion to voluntarily dismiss.  On January 12, 2015, the

district court dismissed the petition.

On June 17, 2016, Petitioner filed the instant § 2255 petition.  He argued his conviction

was unlawful under *Johnson v. United States*, 135 S.Ct. 2551 (2015), which invalidated the

residual clause of the Armed Career Criminal Act ("ACCA").  On July 12, 2016, Petitioner filed

an amended petition in which he deleted his *Johnson* claim and added the claims that he received

ineffective assistance of counsel when counsel:  (1) failed to properly advise him of his

constitutional rights; (2) failed to show there was an insufficient factual basis for his guilty plea;

(3) did not provide him the opportunity to speak at sentencing; and (4) failed to timely file an

appeal.  On September 1, 2016, the government filed a motion to dismiss the petition as time-

barred.  Petitioner did not file a response.  The Court finds the government's motion to dismiss

should be granted.

## II.  Discussion

### 1.    Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute

of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE

DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ( "AEDPA").  The statute

provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action
in violation of the Constitution or laws of the United States is removed, if the

Petitioner was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). The district court entered judgment on November 1, 2012. He did not file an appeal, so his conviction would have become final on November 15, 2012. *See* FED. R. App. P. 4(b)(1)(A)(I) (stating appeal must be filed within fourteen days of judgment). On February 12, 2013, Petitioner filed a motion for out-of-time appeal. On July 19, 2013, the district court denied the motion. On September 11, 2013, the Fifth Circuit Court of Appeals dismissed the appeal. Petitioner's conviction therefore became final on September 11, 2013. Petitioner then had one year, or until September 11, 2014, to file his § 2255 petition. He did not file his petition until June 20, 2016. His petition is therefore untimely.

**2.     Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v.*

*Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has made no argument that he was actively misled or prevented in some extraordinary way in asserting his rights.  In fact, Petitioner timely filed his first § 2255 petition, but voluntarily dismissed the petition.  Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

## III.  Recommendation

For the foregoing reasons, the Court recommends that Respondent's motion to dismiss the petition as barred by the one-year statute of limitations be granted.

Signed this 23rd  day of January,  2017.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

Page 4

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).